**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

Case No. _____

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

          Plaintiff,

  v.

SHELLEY'S SEPTIC TANK, INC.

          Defendant.
_____/

COMPLAINT

JURY TRIAL DEMANDED

      This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful sex-based discrimination and retaliation and to provide appropriate relief to Charging Party Richard Colon, who was adversely affected by such practices. As alleged with greater specificity below, Defendant Shelley's Septic Tank, Inc. ("Shelley's") subjected Mr. Colon, a truck driver, to a sexually hostile work environment based on his sex. The sexual harassment included unwelcome, sexually charged comments and conduct. Shelley's terminated Mr. Colon's employment in retaliation for complaining about this hostile work environment.

**JURISDICTION AND VENUE**

      1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C.§ 2000e-5(f)(1) and

(3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida.

## PARTIES

3. The Equal Employment Opportunity Commission ("EEOC") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant Shelley's, a Florida corporation, has continuously done business in Florida, with principal place of business in Zellwood, Florida, and at all relevant times, employed at least 15 employees.

5. At all relevant times, Shelley's has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEEDINGS

6. More than thirty days prior to the institution of this lawsuit, Richard Colon filed a Charge of Discrimination with the EEOC, alleging that Shelley's violated Title VII by discriminating against his sex and retaliating against him.

7. Prior to the institution of this lawsuit, EEOC found reasonable cause that Title VII had been violated when Shelley's subjected Mr. Colon to sexual harassment and retaliated against him for engaging in protected activity. On March 20, 2020, EEOC issued a Letter of Determination to Shelley's providing notice of that finding. The Letter of Determination

invited Shelley's to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. Shelley's declined to participate in the conciliation process.

9. On April 9, 2020, EEOC, having been unable to secure an agreement acceptable to the EEOC, issued Shelley's a Notice of Failure of Conciliation.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

11. Shelley's is a septic tank cleaning, pumping and drain field repair services company owned and operated by David Shelley.

12. Richard Colon, a male, was employed by Shelley's as a truck driver from February 2017 until his termination in May 2018.

13. As a truck driver, Mr. Colon was responsible for hauling loads of waste material.

14. Shelley's supervised Mr. Colon's work, and Shelley's provided Mr. Colon with his daily work assignments.

15. Shelley's provided and maintained the truck Mr. Colon used for the work.

16. Shelley's required Mr. Colon to wear a Shelley's uniform.

17. Shelley's corporate name appeared on Mr. Colon's paychecks.

18. Throughout his employment, Mr. Colon was qualified for his employment and successfully performed his position.

19. Throughout his employment, Shelley's subjected Mr. Colon to a sexually hostile work environment based on his sex.

20. Specifically, David Shelley repeatedly subjected Mr. Colon to unwelcome, sexually charged comments. The unwelcome sexual comments included, but were not limited to:

    a. Mr. Shelley referred to Mr. Colon as "buttercup" on a nearly daily basis;

    b. Mr. Shelley called Mr. Colon "pretty" when he shaved or trimmed his beard; and

    c. Mr. Shelley placed his hands in a diamond around his penis and told Mr. Colon to "back up to this."

21. Shelley's also repeatedly subjected Mr. Colon to unwelcome, sexual conduct and physical contact, including, but was not limited to:

    a. Mr. Shelley stroking Mr. Colon's arms and leg;

    b. Mr. Shelley blowing kisses at Mr. Colon; and,

    c. on one occasion, Mr. Shelley used a stick to poke Mr. Colon between his butt cheeks.

22. Mr. Colon repeatedly objected to this conduct telling Mr. Shelley to "not to do that to [him]" and that "he better stop." Nevertheless, Shelley's harassment continued.

23. On or about April 30, 2018, Mr. Shelley grabbed Mr. Colon's buttocks over his clothes and ran his finger between Mr. Colon's butt cheeks.

24. Shelley's did not have a sexual harassment policy or a Human Resource department to address the ongoing harassment Mr. Colon faced.

25. To stop the relentless sexual harassment that he faced at work, on May 4, 2018, Mr. Colon made a complaint to the Orange County Sheriff's Office regarding the

offensive conduct.

26. That same day, two sheriff deputies interviewed Mr. Shelley regarding the sexual harassment allegations. The officers informed Mr. Shelley of the nature of the allegations. Mr. Shelley repeatedly indicated that he planned to take action against whomever made the report. The deputies warned Mr. Shelley not to retaliate against the employee who made the report.

27. On or about May 8, 2018, the first day Mr. Colon came to work after his complaint to the Sheriff's Office, Mr. Colon attempted to begin his workday when he was stopped by Mr. Shelley. Mr. Shelley then terminated his employment by informing him that there was no longer work for him at Shelley's.

28. Mr. Colon suffered damages, including humiliation and distress, as a result of the conduct described in paragraphs 11-27.

## STATEMENT OF CLAIMS

29. Paragraphs 11 through 28 are fully incorporated herein.

30. Shelley's engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Mr. Colon to a sexually hostile work environment.

31. Shelley's engaged in unlawful employment practices in violation of Section 704 (a) of Title VII, 42 U.S.C. § 2000e-3(a), by terminating Mr. Colon's employment in retaliation for him engaging in protected activity, namely opposing sexual harassment.

32. The effect of the practices complained of in paragraphs 11 through 28, above, has been to affect the terms and conditions of Mr. Colon's employment, to deprive Mr. Colon

of equal employment opportunities and to otherwise adversely affect his status as an employee because of his sex and/or in retaliation against him for engaging in protected activity.

33.     The unlawful employment practices, complained of in paragraphs 11 through 28 above, were intentional and were done with malice or with reckless indifference to Richard Colon's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Equal Employment Opportunity Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Shelley's, its officers, directors, agents, managers, supervisors, employees, and all persons in active concert or participation with them, from participating in discriminatory conduct based on sex including, but not limited to, permitting a sexually hostile work environment and/or retaliating against employees who engage in statutorily protected activity in the workplace;

B.     Order Shelley's to institute and carry out policies, practices, and programs which provide equal employment opportunities to all employees regardless of sex.

C.     Order Shelley's to make Mr. Colon whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Shelley's unlawful employment practices, including but not limited to front pay;

D.     Order Shelley's to make Mr. Colon whole, by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering,

inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

  E. Order Shelley's to pay Mr. Colon punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

  F. Grant such relief as the Court deems necessary and proper in the public interest; and

  G. Award EEOC its costs of this action.

Dated: July 21, 2020       U.S. EQUAL EMPLOYMENT
                OPPORTUNITY COMMISSION

                SHARON FAST GUSTAFSON
                General Counsel

                GWENDOLYN YOUNG REAMS
                Associate General Counsel
                131 M Street, N.E.
                Washington, DC 20507

                ROBERT E. WEISBERG
                Regional Attorney
                Florida Bar No. 285676

                KRISTEN FOSLID
                Florida Bar No. 688681

                Miami District Office
                100 S.E. 2nd Street, Suite 1500
                Miami, Florida 33131
                Phone: (786) 648-5843
                Fax: (305) 808-1835

                *s/ Brandi L. Meredith*
                BRANDI L. MEREDITH

                    Trial Counsel
                    Florida Bar No. 027668
                    Tampa Field Office
                    501 East Polk Street, Suite 1000
                    Tampa, FL 33602
                    Phone: (813) 202-7930
                    Brandi.Meredith@eeoc.gov

*Attorneys for the Plaintiff*